IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:10cv93 |
| BEST BUY STORES L.P., et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant Best Buy Stores, L.P. ("Defendant" or "Best Buy") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Defendant objects to the Magistrate Judge's recommendation that its Motion for Partial Summary Judgment of *res judicata* be denied. In its motion, Defendant argued Plaintiff's claims against Defendant's stored value cards that were offered for sale from March 29, 2004 through April 1, 2008 and processed by American Express ("Best Buy Cards") are barred by *res judicata* as a result of the dismissal, with prejudice, of Plaintiff's claims in *Alexsam, Inc. v. Datastream Card Servs., et al.*, Cause No. 2:03cv337 (E.D. Tex.) ("*Alexsam I*"). Defendant asserts the Report and Recommendation errs in finding that (1) the mere existence of a two-way indemnification agreement cannot be enough to find privity, unlike the cases cited by Defendant which involved a one-way indemnification agreement; and (2) in *Alexsam I*, Plaintiff did not accuse the Best Buy Cards of

infringement; no discovery was taken regarding the Best Buy Cards; and the Best Buy Cards were not mentioned in the settlement in *Alexsam I*. Finally, Defendant asserts the Best Buy Cards are "essentially the same" as the products accused in *Alexsam I*, and a holding of *res judicata* is warranted.

As urged by Plaintiff, Best Buy's accused cards in this case have BINs and are sold using point of sale devices in Defendant's own stores and in certain third-party stores. (Richards Decl. Exs. 20-21). According to Plaintiff, American Express repeatedly represented in *Alexsam I* that its cards were not sold at the POS and did not contain BINs, and it was for that reason that Plaintiff's prior case against American Express was voluntarily dismissed. (McClanahan Decl.¶27-33, Exs. 9-12, 14). The dismissal did not mention Best Buy.

The Court is not convinced the American Express cards used the "same card processing procedures" or had the "same functionality" as the Best Buy Cards in this case. The Court further finds, similar to the Magistrate Judge, that Defendant has failed to prove intent by Plaintiff to dismiss Best Buy. Finally, Best Buy has not demonstrated that its gift card systems and methods are essentially the same as the American Express card systems accused in *Alexsam I*. Again, American Express represented that its cards in *Alexsam I* did not contain a BIN and were not POS activated, and Best Buy has not shown otherwise.

The Court, having reviewed the briefing, the Report and Recommendation, the objections, and Plaintiff's response to the objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Accordingly, it is hereby

**ORDERED** that Defendant Best Buy Stores, L.P.'s Motion for Partial Summary Judgment

of *Res Judicata* (Dkt. No. 207) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 15th day of October, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE