## IN THE UNITED STATES DISTRICT COURT
## OF THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ALEXSAM, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 2:10cv93** |
| | § | |
| **BEST BUY STORES L.P., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM ORDER</u>

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendant Best Buy Stores, L.P. ("Defendant")filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Defendant objects to the Magistrate Judge's recommendation that its Motion for Summary Judgment of invalidity due to indefiniteness be denied. Specifically, Defendant asserts the Magistrate Judge failed to consider the intrinsic record in determining whether the limitations at issue are permissible functional limitations or impermissible method steps that render the system claims invalid under *IPXL Holdings, L.C.C. v. Amazon.com*, 430 F.3d 1377 (Fed. Cir. 2005). According to Defendant, the Report and Recommendation erroneously concludes that the phrases "transaction processor receiving," "processing hub receiving," and "the processing hub activating an account" are functional terms describing the capabilities of the system, and thus do not render the claims invalid. Defendant further asserts the Report and Recommendation fails to address the

limitation "activation data is entered."  According to Defendant, the intrinsic record demonstrates the limitations at issue constitute method steps because, among other things, the claim language requires action, not capability.  Defendants contends the claim elements at issue require action because they require (1) the *receiving* of activation data by the transaction processor and the processing hub; (2) *activating* of an account with a balance corresponding to the activation amount; and (3) *entering* of an activation amount.

The Court, having reviewed the briefing, the Report and Recommendation, the objections, and Plaintiff's response to the objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct.  As noted by the Magistrate Judge, claim indefiniteness under *IPXL* arises if a system claim also recites method steps performed by a user of by another unclaimed system.  In addition, claims are not indefinite merely because they recite active verbs to describe what a recited system component does in the claimed system.  Here, none of the claims recite steps being performed by a user, such as the step "and the user uses the input means" held indefinite in *IPXL*.  Nor do the claims at issue recite steps performed by an unclaimed system component.

Although the Report and Recommendation does not separately address the claim limitation "the electronic gift certificate card activation amount is entered at the point-of-sale device" appearing in system claim 36 of the '608 patent, the Report discusses claim 34 as representative of all the claims in the motion and concludes all of the claims at issue "are not hybrid claims under *IPXL* and are not invalid as being indefinite. (Dkt. No. 265 at pg. 5).  Defendant has failed to convince the Court it should treat claim 36 differently.

The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is hereby

**ORDERED** that Defendant Best Buy Stores, L.P.'s Motion for Summary Judgment(Dkt. No.

206) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 15th day of October, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE